ALFORD, Judge.
Following a bench trial, defendant, Eddie Blanchard, was found guilty as charged of driving while intoxicated in violation of LSA-R.S. 14:98. The trial court sentenced Blanchard to pay a fine of $250.00 plus costs, and to a jail term of 10 days in the parish jail, said jail term to be suspended if he complied with one of two conditions. Blanchard filed for writs to this court, and *212 the trial court stayed the execution of sentence while awaiting the results of the application. This court granted Blanchard’s application for a Writ of Review.
Defendant, in his sole assignment of error, contends that the trial court erred in allowing into evidence the Scientific Analysis Report (blood test) issued by the Louisiana Department of Public Safety through its crime laboratory without laying the proper foundation for its introduction.
Trooper Kevin Carpenter testified that he received a call on July 23, 1985, to check on an accident on La. Highway 1007. When he arrived at the scene, the injured party had already been taken to a hospital; however, the motorcycle, skid marks and a pool of blood were found in the middle of the roadway. Carpenter learned that the motorcycle was registered under Blanchard’s name. Two eyewitnesses to the single vehicle accident, which occurred at approximately 6:00 p.m., testified that the operator of the motorcycle lost control of the cycle after crossing some railroad tracks and that the cycle flipped over and slid down the highway. Neither witness could positively identify Blanchard as the operator.
Upon arriving at the Assumption General Hospital, Carpenter stated that he saw Dr. Tommy John and others working on Blanchard. They were stabilizing Blanchard so that he could be flown by air-med helicopter to New Orleans for better medical treatment because death was a possibility. Blanchard remained conscious and alert, although unable to speak. The trooper testified that he smelled alcohol on Blanchard’s breath, advised Blanchard of his rights, and got Blanchard’s consent to submit to a blood alcohol test. Carpenter stated that, in the presence of Dr. John, he opened the blood alcohol kit provided by the state police and that Dr. John drew the blood and immediately handed the vials back to him. Carpenter sealed the vials and the kit itself in front of Dr. John and later put the kit in a locked evidence box at Troop C. From there, the sealed kit was transported to the state police crime laboratory in Baton Rouge for analysis. Neither Dr. John nor the individual who performed the test analysis testified during the trial.
When the state attempted to introduce into evidence the results of the blood analysis, defense counsel objected, stating that an adequate foundation had not been laid for admission of the blood test. He claimed that before the report could be introduced, Dr. John would have to testify that he met the qualifications required by LSA-R.S. 32:664 in regard to individuals approved to draw blood. Defense counsel also stated that the report failed to show that the individual who performed the blood analysis possessed a valid permit issued by the state in accordance with the requirements of LSA-R.S. 32:663. The trial court overruled the objection and allowed the test results in as evidence, saying that Dr. John was known to the witness (Carpenter), that the witness indicated a physician drew the blood and that there was no testimony to the contrary. The analysis report showed Blanchard’s blood alcohol content to be 0.21%.
Under LSA-R.S. 32:662(A)(l)(c), a blood alcohol content of 0.10% or more creates a presumption of intoxication. Whenever the state depends on the presumptions created in its favor under LSA-R.S. 32:662 to support a driving while intoxicated prosecution, the state must affirmatively show that the blood sample was taken and analyzed by persons who have the requisite qualifications and certification set forth in LSA-R.S. 32:663 and LSA-R.S. 32:664. State v. Bruins, 315 So.2d 293 (La.1975). Additionally, the state must show that it “has strictly complied with the officially promulgated methods, procedures and techniques in the chemical analysis offered as evidence in the case on trial.” LSA-R.S. 32:663; State v. Gregory, 403 So.2d 1225, 1226 (La.1981).
To comply with the requirements of LSA-R.S. 32:664, the state must prove that *213 the person who withdrew the blood was a physician, registered nurse, qualified technician or chemist. In some instances, it may be necessary to have the drawer testify personally in order to ascertain his or her qualifications. However, in the instant case, the drawer was evidently a physician known to the witness who identified him. Once the drawer is identified as a physician, that is sufficient qualification under the statute; therefore, this part of Blanchard’s assignment of error has no merit.
To comply with the requirements of LSA-R.S. 32:663, the state must show that the individual who performed the analysis possessed a valid permit issued by the Department of Public Safety and that the analysis was performed according to methods approved by the Department of Public Safety. The Scientific Analysis Report admitted into evidence in the case before us does not state that the person who conducted the test had a valid permit. The report simply reflects that Jerry Harrison, forensic scientist, conducted the testing. Moreover, the report makes no mention of the method used to perform the analysis. No evidence, other than the trooper’s testimony that the approved blood alcohol kit was used, was presented at trial to show that there was strict compliance with the required methods, procedures and techniques, as published in the Louisiana Register, Vol. 11, No. 3, pp. 259-260 (March 20, 1985). “A conviction obtained through chemical test legislation, which not only destroys a defendant’s presumption of innocence but also severely restricts any possibility of a defendant proving his innocence, must be reversed if not accompanied by all of the safeguards designed to insure reliable chemical analysis.” State v. Graham, 360 So.2d 853, 857 (La.1978). Therefore, we find that the state failed to comply with the requirements of LSA-R.S. 32:663 and that the admission of the Scientific Analysis Report is reversible error.
For the foregoing reasons, the defendant’s conviction is reversed, and the case is remanded to the district court for proceedings in accordance with our holding.
SENTENCE REVERSED.