511 So.2d 108 (1987)
STATE of Louisiana
v.
Stanzel C. FRANKLIN.
No. CR87-82.
Court of Appeal of Louisiana, Third Circuit.
July 22, 1987.
Rehearing Denied September 2, 1987.
Writ Denied November 6, 1987.
*109 Richard S. Hoover, Lafayette, for defendant-appellant.
Ed Broussard, Carrol Spell, Asst. Dist. Attys., Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and FORET, JJ.
GUIDRY, Judge.
On September 20, 1985, defendant, Stanzel C. Franklin, was charged by bill of information with operating a vehicle while intoxicated (third offense), a violation of La.R.S. 14:98(D). He was tried before a six person jury and found guilty. Defendant was sentenced to serve one year in the parish jail of which six months were to be without benefit of parole, probation or suspension of sentence. Additionally, defendant was sentenced to pay a fine of $500.00 plus court costs and participate in a court approved substance abuse program. Prior to sentencing, defendant filed a motion seeking a post verdict judgment of acquittal which was denied. Defendant appeals his conviction and the denial of his post conviction motion urging two assignments of error:
1. The trial court erred in overruling defendant's motion for post verdict judgment of acquittal on the grounds that the State failed to carry the burden of showing beyond a reasonable doubt that defendant, Stanzel C. Franklin, was under observation for twenty (20) minutes prior to breath testing.
2. There was no proof of conviction of the traffic offense for which defendant was initially arrested.

FACTS
On April 6, 1985, at approximately 12:22 a.m., Officer Randy Menard of the Lafayette City Police Department stopped defendant on Pinhook Road for failure to dim his headlights, a violation of La.R.S. 32:322(C). Officer Menard testified that he observed when defendant got out of his vehicle, he had bloodshot, glassy eyes; appeared slightly unbalanced; and, emitted a strong odor of alcohol. Officer Menard then requested that defendant perform a number of field sobriety tests, all of which defendant performed inadequately. At that point, defendant was arrested for failure to dim his headlights and taken to police headquarters. Upon arrival at the station, defendant requested that he be permitted to contact an attorney and was escorted to a telephone, but was unable to contact counsel.
The entire procedure at the police station was video taped, and includes defendant's being advised of his rights relating to the *110 chemical test for intoxication; his refusal to sign the "rights" form; his refusal to participate in additional field sobriety tests; and, his submission to the chemical breath test at approximately 1:16 a.m. The test indicated appellant had a blood alcohol level of 0.13 grams-percent.
It is well settled that a conviction for driving while intoxicated obtained through the administration of a chemical test must be reversed if not accompanied by all of the safeguards designed and promulgated to insure reliable chemical analysis. La.R.S. 14:98, 32:661-32:663; State v. Graham, 360 So.2d 853 (La.1978); State v. Corkran, 448 So.2d 1346 (La.App. 3rd Cir.1984), writ denied, 450 So.2d 970 (La.1984); State v. Blanchard, 498 So.2d 211 (La.App. 1st Cir. 1986).
La. Reg. 256, 258 at § 009 relating to breath test requires in pertinent part:
"Section 1. General observation of the subject for a period of not less than 15 minutes prior to testing whereby the subject shall not have ingested alcohol, alcoholic beverages, regurgitated, vomited or taken anything by mouth."
At trial, Officer Menard testified that he had been with defendant from the moment of defendant's arrest (at approximately 12:22 a.m.) until defendant submitted to the breath test (at approximately 1:16 a.m.), except that he was uncertain as to whether he had accompanied defendant while appellant attempted to place a phone call to his attorney or whether another officer had done so. However, Officer Menard was able to testify that defendant had not eaten, drank, belched, or regurgitated in his presence.
Officer Tom Curry, who actually administered the breath test to Franklin, testified that Officer Menard had indeed accompanied defendant to use the telephone. Officer Curry also testified that he, too, had observed defendant for at least 15 minutes prior to administering the test and that defendant did not ingest any food or drink, nor did he belch or regurgitate during this period. The record being devoid of any testimony or evidence to the contrary, we find appellant's first assignment of error to be without merit.
Defendant next contends that the trial court erred in denying his post verdict judgment of acquittal because the State failed to prove probable cause to arrest defendant for DWI when the defendant had initially been arrested for failure to dim headlights and it was not proven that he was later convicted of this offense.
According to the testimony of the arresting officer, he both stopped and arrested appellant, not for DWI, but for violation of R.S. 32:322(C), failure to dim his headlights, a violation which the police officer witnessed. As officer Menard had just witnessed a violation of the law, he was justified in stopping defendant under C.Cr.P. art. 215.1(A), which states:
"A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions."
It was only after his lawful stop of Franklin that Officer Menard observed the physical signs exhibited by appellant which lead him to suspect that Franklin was intoxicated.
La.R.S. 32:661(A) relating to DWI chemical testing provides in pertinent part:
"The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages." (Emphasis added).
In State v. Payne, 489 So.2d 1289 (La.App. 1st Cir.1986), writ denied, 493 So.2d 1217 (La.1986), our brethren of the First Circuit observed:
"... [T]he right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1, as well as by both federal and state jurisprudence. Terry [v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)]; State *111 v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Rodriguez, 476 So.2d 994 (La.App. 1st Cir.1985). Reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Belton; State v. Rodriquez ..."

See also State v. Myers, 490 So.2d 700 (La.App. 2d Cir.1986), writ denied, 493 So.2d 1221 (La.1986); State v. Smith, 489 So.2d 966 (La.App. 4th Cir.1986).
Officer Menard initially, legally, stopped defendant for failing to dim his headlights. Clearly there existed reasonable cause to stop defendant and charge him with that violation. Officer Menard then observed defendant's bloodshot and glassy eyed appearance, an impairment in balancing ability and a strong odor of alcohol. Defendant also failed to adequately perform a series of field sobriety tests. These facts constituted sufficient probable cause to arrest and chemically test defendant for DWI. Simply because Officer Menard arrested defendant for the initial violation of failure to dim headlights does not indicate that no probable cause existed to arrest defendant for DWI. The State's failure to prove a conviction of defendant's initial offense was irrelevant to the issue of probable cause to arrest and have defendant tested for DWI. Since the State presented sufficient evidence to establish probable cause to arrest defendant for DWI, it was unnecessary for it to present evidence of a conviction on on the initial violation. This assignment likewise lacks merit.
For the above and foregoing reason, the defendant's conviction and sentence for operating a vehicle while intoxicated are affirmed.
AFFIRMED.