531 So.2d 284 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Donald THIBODEAUX, Defendant-Appellant.
No. CR 87-643.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
Keith Stutes, Asst. Dist. Atty., Lafayette, for defendant-appellant.
David Balfour, Lafayette, for plaintiff-appellee.
Before DOUCET and KING, JJ., and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Judge.
Defendant, Donald Thibodeaux, was charged with possession of cocaine in violation of LSA-R.S. 40:967(C). After denial of his motion to suppress the evidence seized, defendant withdrew his plea of not guilty and entered a guilty plea, reserving his right to appeal the denial of the motion to suppress. Defendant was sentenced to five years at hard labor. Defendant appeals.

FACTS
At approximately 9:30 a.m. on September 28, 1986 defendant and several other persons were sitting in front of a closed bar known as Freddie's Bar. Officer T.L. Warren was on patrol in that area and noticed defendant and the others. Noting that this was a very high crime area and the bar had a notorious reputation for drug transactions, Officer Warren exited his patrol unit and began walking toward defendant and the others. As he approached the group, several of the persons got up and began walking away "due to the fact that they had been warned to stay away from there when the bar is closed...."
As Officer Warren continued to approach, he noticed an object which appeared to be sharp, possibly a knife blade, in defendant's hand. As he got closer, however, he realized the object in defendant's right hand was a finger nail file. Officer Warren's attention was then caught by a black object in defendant's left hand.
Upon reaching the group, Officer Warren asked the individuals what they were doing in front of a closed bar. They responded they were sitting around talking. While Officer Warren's attention still focused *285 on the black object in defendant's left hand, he asked defendant what it was. Defendant allegedly failed to respond, turning further away from the officer to shield the object from further observation. Officer Warren stated he "then grabbed the left hand and seized the small black object in subject's left hand." The object was a very small black felt calculator pouch and inside was a small plastic bag which contained a white powdery substance. Officer Warren then arrested defendant for possession of cocaine and conducted a pat down search for weapons. No weapons were found. The defendant filed a motion to suppress the cocaine seized. The motion was decided, by agreement of the parties, only on the basis of Officer Warren's supplemental report. The motion was denied and forms the basis for this appeal.

ASSIGNMENTS OF ERROR
The defendant urges two assignments of error in this appeal:
1. The initial investigatory stop of the defendant was improper because it was not based on reasonable cause.
2. The warrantless seizure of the evidence is not justified by the plain-view exception to the warrant requirement.

ASSIGNMENT OF ERROR NO. 1(THE INVESTIGATORY STOP)
The defendant asserts the investigatory stop was improper for lack of reasonable cause. An investigatory stop is authorized by LSA-C.Cr.P. art. 215.1:
"Art. 215.1. Temporary questioning of persons in public places; frisk and search for weapons
"A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
"B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
"C. If the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person."
A prerequisite to such a stop is reasonable cause to believe the person is involved in criminal activity. LSA-C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Keller, 403 So.2d 693 (La.1981). "Reasonable cause for an investigatory stop is something less than probable cause, but the officer must have `articulable knowledge' of particular facts, which in conjunction with reasonable inferences drawn therefrom is subject to provide reasonable grounds of past, present or future criminal activity." State v. Bickham, 404 So.2d 929 (La.1981).
Officer Warren stated in his report that he approached the defendant and the others because they were sitting in front of a closed bar which had a notorious reputation for drug transactions in a high crime neighborhood. No reasons to believe criminal activity was being conducted are given. The officer stated that after he began approaching the group he noticed a sharp shiny object in the defendant's left hand, but realized before reaching the group that it was only a nail file. Therefore, this was not a reason to suspect criminal activity. Also the officer gave no reasons why he should believe the small black case in the defendant's right hand contained a weapon or contraband, instead of a calculator. He did not frisk the defendant for weapons until after seizing the case and discovering the cocaine, and did not state that he believed himself to be in any danger.
A similar situation was presented in State v. Fleming, 457 So.2d 1232 (La.App. 1st Cir.1984), writ denied, 462 So.2d 191 (La.1984). In State v. Fleming there were only two facts to support reasonable cause, and the defendant argued that reasonable *286 cause did not exist. First, the location involved was notorious for being frequented by drug users and dealers. Second, defendant and others were congregating at this location. In finding reasonable cause did not exist, the court stated, "However, the mere presence of a group of citizens at a notorious corner is, of itself, insufficient to justify an investigatory stop." State v. Fleming, supra.
Officer Warren did not state that he suspected criminal activity and gave no facts to support such an inference. As in State v. Fleming, the stop was improper because the police do not have the right to stop at will any person in a high crime area. State v. Smith, 347 So.2d 1127 (La.1977).

ASSIGNMENT OF ERROR NO. 2(THE SEARCH AND SEIZURE)
The burdens of proof in a motion to suppress evidence are set forth in LSA-C. Cr.P. art. 703(D):
"D. On the trial of a motion to suppress filed under the provisions of this Article, the burden of proof is on the defendant to prove the ground of his motion, except that the state shall have the burden of proving the admissibility of a purported confession or statement by the defendant or of any evidence seized without a warrant."
Since the search and seizure was warrantless, the burden of proof was on the State to prove the evidence was admissible. State v. Keller, supra. The only evidence presented by the parties at the motion to suppress was the supplemental report by Officer Warren. It states in pertinent part:
"I then asked the individuals what they were doing at that location and they stated that they were just sitting around talking. The other subjects stated that they were fixing to leave when they saw me pull up in my police car.
"I then asked the B/M subject that was standing closest to me at that time what he had in his left hand and he turned further away from me so I couldn't see the object in his left hand. At that time I then grabbed the left hand and seized the small black object in the subject's left hand and it turned out to be a very small black felt pouch and inside the black felt pouch there was a small plastic zip-lock plastic bag with a white powdery substance. It is further noted at this time that the small zip lock plastic bags are commonly used to transport and carry white powder known as cocaine. The individual then stated that that isn't any type of drug and I then asked him what it was and he stated that he had found the plastic bag on the ground and that he just crumpled up a tablet he called an ________ tablet and he stated that it was a vitamin and not cocaine.

"I then stated to the individual that he was being placed under arrest for possession of a Schedule II drug believed to be cocaine at that time.
"I then had the individual place his hands on the outside wall of the building and I patted the individual down for possible weapons; however, the only thing that was found on him was the finger nail file. The finger nail file was then confiscated from the individual and he was handcuffed."
No exception to the warrant requirement justifying the warrantless search and seizure was asserted in the report. Nor are there any facts presented which would support an exception. In the appellate brief the State has, for the first time, tried to justify the search and seizure as a frisk incident to an investigatory stop. However, as stated in State v. Keller, supra, at 697:
"This court said in State v. Hunter, 375 So.2d 99 (La.1979):
"`While it is true that an officer is never justified in conducting a pat-down for weapons unless the original detention itself was justified, a lawful detention for questioning does not necessarily give the officer the authority to conduct a pat-down for weapons. Even after a lawful investigatory stop, a police officer is justified in frisking the subject only under circumstances where a "reasonably prudent man ... *287 would be warranted in the belief that his safety or that of others was in danger." Terry v. Ohio, 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909.
Further, the officer's belief is not reasonable unless the officer is "able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous." Sibron v. New York, 392 U.S. [40] at 64, 88 S.Ct. [1889] at 1903, 20 L.Ed.2d [917] at 935 [1968]. It is not necessary that the investigating officer establish that it was more probable than not that the detained individual was armed and dangerous; it is sufficient that he establish a "substantial possibility" of danger. See Comment, Terry Revisited: Critical Update on Recent Stop-and-Frisk Developments, 1977 Wis.L. Rev. 877, 896.'"
No particular facts were "pointed to" to indicate a reasonable belief that the defendant was armed and dangerous, nor did the officer state that he had such a belief. In fact, his actions in grabbing the black case away from the defendant and not frisking him for weapons until after he had arrested him for possession of cocaine indicate that he had no such fear. Nor do the trial court's reasons for denial of the motion to suppress provide enlightment as to the justification for the warrantless search. The trial court stated:
"The Defense and State submitted the Motion To Suppress, which was set for hearing this date, on the Police Report contained in the State's file and same was presented to the Court for its ruling on whether or not there was probable cause. Upon reviewing the Supplemental Report filed by the Officer, the Court finds that the Officer was in a high crime area with a reputation for drug transactions and other criminal activities. The Court finds that the Officers did have probable cause to get down and check out the activities and subsequent findings by the Officer were in order and so ruled.
The Defense requested that the Supplemental Report, that the Court reviewed, be made part of the record. The Court ordered that the Supplemental Report be made part of the record under Court's seal."
Clearly, the State has failed to sustain its burden of proof as required by LSA-C. Cr.P. art. 703 and the jurisprudence. Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970); State v. Keller, supra; State v. Hernandez, 410 So.2d 1381 (La. 1982). Probable cause to search was not established, nor was any exception to the warrant requirement asserted. Officer Warren had no reason to believe the black case contained a weapon or contraband instead of a calculator, and he did not say that he believed it did. Plainly, he was merely fishing for evidence. Therefore, the cocaine was unconstitutionally seized and is inadmissible as evidence against the defendant.

CONCLUSION
Accordingly, for the reasons stated above, the judgment of the trial court on the motion to suppress evidence is reversed. The guilty plea is vacated and set aside, the conviction is reversed and the case is remanded for further proceedings consistent with this judgment.
REVERSED AND REMANDED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.