519 So.2d 788 (1987)
STATE of Louisiana,
v.
Luis L. GARCIA and Jessie D. Rodriguez.
No. 87 KA 0086.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
Rehearing Denied February 24, 1988.
*790 William Campbell, New Orleans, for State.
W. Kenneth Klein, Slidell, for defendants.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
Luis L. Garcia and Jessie D. Rodriguez were charged by a single bill of information with possession of marijuana with intent to distribute. Both defendants pled not guilty and filed a motion to suppress the seized contraband. Following a hearing, the motion to suppress was denied. Thereafter, the state amended the bill of information to charge a violation of LSA-R.S. 40:966 E(1), possession of one hundred pounds or more, but less than two thousand pounds of marijuana.[1] Defendants withdrew their pleas of not guilty and pled guilty as charged in the amended bill of information.[2] They expressly reserved the right to appeal the adverse ruling on the motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced Garcia to a twelve year term of imprisonment at hard labor and Rodriguez to a five year term of imprisonment at hard labor.[3]
In bringing this appeal, defendants urge sixteen assignments of error:
(1) The trial court erred in that defendant Luis Garcia was not allowed a pre-trial hearing, but defendant Jessie Rodriguez was allowed such a hearing.
(2) The trial court erred in that defendants were prejudiced by the court's failure to sequester all witnesses from the hearing held on the Motion to Suppress (hereinafter referred to as the "hearing") pursuant to Article 764 of the Code of Criminal Procedure.
(3) The trial court erred in that defendants were prejudiced by the court's failure to sequester narcotics Officer Darrell Graham from the hearing pursuant to Article 764 of the Code of Criminal Procedure.
(4) The trial court erred in that defendants were prejudiced by the state's failure to comply with the disclosure requirements of Article 716 of the Code of Criminal Procedure.
(5) The trial court erred in that defendants were prejudiced by the state's failure to comply with the disclosure requirements of Article 717 of the Code of Criminal Procedure.
(6) The defendants were unconstitutionally harmed by the intentional prosecutorial misconduct of the District Attorney's Office, as in Errors 3 and 4, and other intentional misconduct leading to a "trial by ambush".

*791 (7) The trial court erred in that defendants were prejudiced by the court's consideration of an inculpatory statement (admission) made by defendant Luis Garcia, and that the court considered said statement as a factor in its determination of a finding of probable cause to conduct a warrantless search of defendant's vehicle.
(8) The trial court erred in that defendants were prejudiced by the court's failure to find the "stop" of defendants to be a pretextual one.
(9) The trial court erred in its finding of probable cause to conduct a warrantless search of defendant's vehicle.
(10) The trial court erred in finding exigent circumstances for a warrantless, consentless search of defendant's vehicle.
(11) The trial court erred in that defendants were prejudiced by the court's holding admissible several inconsistent and blatantly self-serving statements by several of the state's witnesses.
(12) The trial court erred in that defendants were prejudiced by the court's failure to find that defendants were in fact illegally under arrest before the unlawful search of defendant's vehicle.
(13) The trial court erred in that defendants were prejudiced by the court's refusal to allow into evidence defendants' Proffer No. 1 in that same would show the use of a drug courier profile in making traffic stops.
(14) The trial court erred in that defendants were prejudiced by the court's quashing of the subpoena to the Assistant District Attorney.
(15) The trial court erred in finding the alleged smell of marijuana, in the covered, enclosed bed of a truck, to be sufficient probable cause for a warrantless, consentless search of defendants' vehicle.
(16) The trial court erred as a matter of law in the court's denial of defendants' Motion to Suppress Evidence.

FACTS
Evidence adduced at the hearing on the motion to suppress reveals that on February 13, 1986, defendants were traveling in a pickup truck on Interstate 12 in St. Tammany Parish, when their vehicle was stopped by Louisiana State Trooper Joe Guthrie. Trooper Phillip Domiano testified that he was stopped on the shoulder of Interstate 12, when he observed defendants' truck weaving in its lane. After determining that the vehicle was traveling at a rate of sixty-two miles per hour, seven miles per hour in excess of the posted speed limit, he radioed Trooper Guthrie for assistance. Trooper Guthrie testified that he stopped the pickup truck after observing it weaving onto the shoulder of the road.
Trooper Domiano stopped near defendants' parked vehicle shortly after Guthrie made the actual stop. As he approached defendants' truck, he perceived an overwhelming odor of marijuana. Domiano then moved toward the vehicle's operator, Jessie Rodriguez, and took his driver's license. Rodriguez indicated that he was traveling from Texas to Atlanta in search of employment. When questioned, he stated that he did not have a criminal record; however, Luis Garcia, the passenger, responded that he had served twenty-five years in a Texas prison on a burglary conviction.
When Rodriguez, the registered owner of the truck, refused to consent to a search, Domiano took the keys from the ignition and opened the metal roof covering the bed of the pickup truck. In the bed of the truck, Domiano found approximately five hundred pounds of marijuana stuffed into garbage bags. Thereafter, defendants were arrested and transported to the St. Tammany Parish Sheriff's Office.
Initially, we note that defendants' pleas reserved appellate review of the adverse ruling on the motion to suppress. All other non-jurisdictional pre-plea defects were waived by the instant guilty pleas. See State v. Crosby, supra; State v. Ealy, 451 So.2d 1351 (La.App. 1st Cir.1984). Therefore, we will address only those arguments which may relate to the ruling on the motion to suppress.
*792 ASSIGNMENT OF ERROR NUMBER ONE:
Defense counsel complains that the trial court did not conduct a "pre-trial" hearing for Luis Garcia, although such a hearing was conducted for Jessie Rodriguez. In brief, defense counsel suggests that the disparity in sentences for the two defendants may have resulted from the trial court's lack of information about Garcia. This assignment in no way relates to the ruling on the motion to suppress, as such it is beyond the scope of appellate review. Moreover, defendants apparently were given sentences negotiated pursuant to plea bargains. Garcia was on parole in Texas at the time of the instant offense. His significant criminal record likely influenced the trial court's sentencing discretion.
Accordingly, this assignment of error lacks merit.
ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE:
By assignment of error number two, defendants contend that the trial court erred by failing to adequately sequester the state's witnesses during the hearing on the motion to suppress. Assignment of error number three is directed to the trial court's failure to sequester narcotics officer Darrell Graham, who remained in the courtroom as the "case agent".
Defendants argue that the state witnesses, with the exception of Officer Graham, stood directly outside the room where the motion to suppress was tried. Therefore, defendants reason that these witnesses must have overheard other individuals testifying. Defendants suggest that the effectiveness of cross-examination was hindered by this mode of sequestration.
The record does not reveal where the witnesses were located when sequestered. In addition, defendants did not object to the mode of sequestration. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence and the grounds therefor specified. LSA-C.Cr.P. art. 841; State v. Stewart, 486 So.2d 906 (La.App. 1st Cir.1986).
In addition, defendants did not object to Officer Graham's remaining during the hearing. Thus, this argument was not preserved for review on appeal.
Accordingly, these assignments of error lack merit.[4]
ASSIGNMENTS OF ERROR NUMBERS FOUR, FIVE, SIX AND SEVEN:
By these assignments, defendants contend that they were prejudiced by the state's failure to comply fully with their discovery requests.
Defendants argue that the state violated Louisiana Code of Criminal Procedure article 716 because it did not disclose the content of all oral statements made by defendant to the investigating officers.
At the hearing on the motion to suppress, the trial court overruled defense counsel's objection to Officer Domiano's testimony that Garcia stated he was sentenced to a twenty-five year prison term in Texas for burglary. Although the defense counsel claims to have been shocked when he learned of the content of that statement, such surprise was not justified. The state included this information in its supplemental answer to discovery filed some two months before the instant hearing. Moreover, the record indicates that the defense was prepared and did present evidence which contradicted this statement. Garcia testified that he had not made that statement to Officer Domiano.
In their other objection, defendants complain of the state's failure to furnish Jessie Rodriguez with a copy of his "rap sheet". Louisiana Code of Criminal Procedure article 717 requires the district attorney or the appropriate law enforcement agency to furnish a defendant with a copy of any record of his criminal arrests and convictions that is in their possession or custody.
*793 In this instance, the state responded that it knew of no criminal record for Rodriguez. For the first time on appeal, defendants argue that a rap sheet may exist which codes Rodriguez as a suspected narcotics' trafficker. However, defendants do not suggest any criminal arrests or convictions which would be recorded on such a rap sheet. Moreover, they did not attempt to traverse the state's response to this discovery request. There is no indication that the state or any relevant law enforcement agency had possession or custody of Rodriguez' alleged rap sheet.
For the foregoing reasons, these assignments of error lack merit.
ASSIGNMENT OF ERROR NUMBER EIGHT:
Defendants argue that the trial court erred by failing to find that the initial stop of their vehicle was pretextual. They urge that they were stopped not because Rodriguez committed a traffic offense, but because they matched a drug courier profile used by the Louisiana State Police.
Defendants sought to establish this contention by examining several Louisiana State troopers involved with the criminal patrols program, which operates primarily on Louisiana Interstate highways. Each officer testified that the program is designed to heighten awareness of suspicious circumstances encountered in conjunction with traffic stops. However, each officer also expressly denied that a drug courier profile is used as a screening device to determine which traffic offenders should be stopped. Defendants did not impeach the officers' testimony or offer data from which other reasonable inferences could be derived.
In evaluating alleged violations of the Fourth Amendment, the United States Supreme Court has undertaken an objective assessment of an officer's action in light of the facts and circumstances then known to him. See Scott v. United States, 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978). As the Scott opinion explained: "[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." 98 S.Ct. at 1723.
In the course of routine police activity, Troopers Domiano and Guthrie observed several traffic violations committed by Rodriguez, the vehicle's operator, prior to the stop of that vehicle. In this instance, objective assessment of the officers' actions supports the legality of those actions.
Accordingly, this assignment of error lacks merit.
ASSIGNMENTS OF ERROR NUMBERS NINE AND FIFTEEN:
By these assignments, defendants contend that the trial court erred by finding that, prior to the instant search, the officers had probable cause to believe that defendants' vehicle contained contraband. We disagree.
In making its determination of probable cause, the trial court relied on the officers' expertise in detecting a strong odor of marijuana, coupled with defendants' manifestations of nervousness, their confusion as to destination, and Garcia's admitted criminal background.
The determination of the existence or lack thereof of probable cause is a substantive determination to be made by the trial court from the facts and circumstances of the case. State v. Nicholas, 397 So.2d 1308 (La.1981). The trial court's conclusions as to the existence of probable cause are entitled to great weight. State v. Drott, 412 So.2d 984, 987, n. 2 (La.1982).
In State v. Coleman, 412 So.2d 532, 535, n. 4 (La.1982), the Louisiana Supreme Court recognized that detecting marijuana by means of smell does not constitute a search. Thus, there is no reasonable expectation of privacy from lawfully positioned officers with inquisitive nostrils.
In Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), the United States Supreme Court suggested that the distinctive odor of a substance, perceived by an individual qualified to know the odor, might well be evidence of a *794 persuasive character in determining probable cause for a search.
In this instance, the trial court credited the officers' testimony that they perceived an overwhelming odor of marijuana coming from the bed of defendant's truck. The search itself revealed five hundred pounds of marijuana stuffed into garbage bags. Lieutenant Thomason, a qualified expert, stated that quantity of marijuana would produce a pronounced odor.
Under these circumstances, the trial court's determination that probable cause existed to justify the instant search was reasonable. These assignments of error lack merit.
ASSIGNMENT OF ERROR NUMBER TEN:
By this assignment, defendants contend that the trial court erred by finding that exigent circumstances justified the warrantless, consentless search of defendants' vehicle.
In this instance, exigent circumstances were described by the investigating officers. They felt that the time involved in securing a search warrant would be prohibitive because of the early morning hour and the distance from appropriate personnel. However, a specific finding of exigent circumstances was unnecessary under these facts. Having found probable cause to believe that defendants' vehicle contained contraband, an immediate warrantless search for that contraband was constitutionally permissible. In United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed. 2d 572 (1982), the United States Supreme Court held that police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed within it "may conduct a search of the vehicle that is as thorough as a magistrate could authorize in a warrant particularly describing the place to be searched." 102 S.Ct. at 2160. See State v. Brooks, 452 So.2d 149 (La. 1984).
For the foregoing reasons, this assignment lacks merit.
ASSIGNMENT OF ERROR NUMBER ELEVEN:
Defendants argue that they were prejudiced by the court's having considered inconsistent and blatantly self-serving statements by several of the state's witnesses.
In effect, defendants attack the trial court's credibility determinations, urging that their testimony was more straightforward and truthful than the officers' testimony. Defendants are correct in their conclusion that factual findings adverse to their version of events are detrimental. A defendant's interests are necessarily prejudiced by testimony which tends to prove the lawfulness of a contested search or seizure. However, the trial court remains free to accept or reject, in whole or in part, the testimony of any witness. See State v. Richardson, 459 So.2d 31 (La.App. 1st Cir. 1984).
For the foregoing reasons, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER TWELVE:
By this assignment, defendants contend that they were arrested some time prior to the search and; therefore, the instant search cannot be justified as one incident to a lawful arrest.
Initially, we note that the state did not attempt to justify the instant warrantless search under the incident to a lawful arrest exception. Defendants' restriction of movement, although complete, was for a brief time. See State v. Merchant, 490 So.2d 336 (La.App. 1st Cir.), writ denied, 496 So.2d 326 (La.1986). During that time, the officers undertook a course of conduct which was likely to confirm or dispel their suspicions quickly. See United States v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). This limited detention in no way tainted the instant warrantless search which was justified under the automobile exception to the warrant requirement. Thus, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER THIRTEEN:
Defendants argue that they were prejudiced by the trial court's failure to allow a *795 newspaper article to be admitted into evidence at the hearing on the motion to suppress.
The item preserved for review as Defense Proffer number one, is a brief newspaper article, by an identified reporter of the St. Tammany bureau of the Times Picayune, describing the increased number of drug seizures and felony arrests during routine traffic incidents. The Louisiana State troopers quoted in the article credit their increased efficiency to a special training program.
Although defendants suggest that admission of that item would have bolstered their characterization of the instant stop as a "profile stop", they do not contend that it was properly admissible as substantive evidence.
Defendants sought to admit the article after the officers identified in the article testified at the hearing on the motion to suppress. However, defendants did not utilize that article in conjunction with their questioning of the officers. The trial court ruled correctly when it sustained the state's objection grounded on the defense's failure to lay a foundation for the admission of extrinsic evidence in an attempt to contradict the officers' testimony at the hearing.
Thus, although the article might have had some slight probative value, it was not admissible. Accordingly, defendants were not impermissibly prejudiced by the trial court's failure to admit the article into evidence.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER FOURTEEN:
By this assignment, defendants contend that the trial court erred by failing to allow the defense to call Assistant District Attorney John Williams as a witness at the hearing on the motion to suppress.
The record reveals that Williams was apparently subpoenaed to appear for the defense. He was present at the hearing in his capacity as representative for the state. Both the trial court and Williams questioned why Williams had been subpoenaed. Defense counsel replied that he wished to examine Williams to determine if he had helped the law enforcement officers prepare their reports. After Williams stated that he had no testimony to offer on this issue, the trial court reasoned that defendant could adequately explore this area through examination of the police officers. However, after hearing Williams' informal statement, defendants apparently abandoned this theory, as none of the officers were questioned about their relationship with Williams.
In effect, the trial court determined that Williams could provide no testimony relevant to the hearing. In questions of relevancy, much discretion is vested in the trial court. State v. Andrews, 451 So.2d 175 (La.App. 1st Cir.), writ denied, 457 So.2d 17 (La.1984). We find no abuse of discretion herein. Accordingly, this assignment lacks merit.
ASSIGNMENT OF ERROR NUMBER SIXTEEN:
By this assignment, defendants contend that the trial court erred by failing to grant their motion to suppress the seized contraband. For reasons more fully set forth in our treatment of the foregoing assignments of error, this argument has no merit.
ASSIGNMENT OF ERROR NUMBER SEVENTEEN:
In this assignment which appears for the first time in brief, defendants contend that they were denied a fundamentally fair hearing because Judge James is biased in favor of "profile stops". In accord with the well-established jurisprudence under the provisions of LSA-C.Cr.P. arts. 844 and 920, this Court will not consider arguments which are neither assigned as error nor related to errors patent on the face of the record. See State v. Overton, 337 So.2d 1201 (La.1976); State v. Spears, 350 So.2d 603, 605 n. 1 (La.1977).
The convictions and sentences are therefore affirmed.
AFFIRMED.
NOTES
[1] Shortly after the instant offenses had occurred, LSA-R.S. 40:966 E(1) was amended, by Acts 1986, No. 769 § 1, to impose sanctions for possession of sixty pounds or more, but less than two thousand pounds of marijuana.
[2] Although the amended bill charged a graver crime with a heavier penalty than the crime originally charged, defendants were in no way prejudiced. Defendants were thoroughly Boykinized. Possession of marijuana is basic to the crime with which they were charged, and defendants knew the amount of marijuana which the evidence would establish they possessed. See State v. Clark, 466 So.2d 686 (La.App. 3d Cir.1985).
[3] The trial court did not levy a fine, which is mandatory, or specify that five years of each defendant's sentence should be served without benefit of probation, parole, or suspension of sentence. See LSA-R.S. 40:966 E(1) and 40:966 F(1). Since this is an error favorable to defendants, and the state did not appeal, we can take no action pursuant to Louisiana Code of Criminal Procedure 882 and 920. See State v. Fraser, 484 So.2d 122 (La.1986). Moreover, the sentences imposed appear to have been negotiated pursuant to plea bargains.
[4] Although failure to sequester Graham was error under these circumstances, it was harmless. See State in Interest of Giangrosso, 395 So.2d 709 (La.1981). Graham was questioned about drug profile couriers and his encounter with defendants after their arrest and booking. He was not a witness to the traffic stop and the resulting search and seizure.