YELVERTON, Judge.
Defendant, James S. Olive, was convicted of one count of possession of marijuana with intent to distribute, a violation of La. R.S. 40:966, and one count of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967. Olive was sentenced to five years at hard labor on count one and ten years at hard labor on count two, the sentences to run consecutively. Defendant appealed arguing error in the denial of a motion to suppress all evidence obtained as a result of a search and seizure of his automobile. He asks us to consider, also, the denial of his motion to suppress certain inculpatory statements made by him and brought out at trial. Additionally he assigns error in the sentence. Six other assignments were not briefed and are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982). We find no error in the conviction and sentences, and we affirm.
THE MOTION TO SUPPRESS
Early one November afternoon in 1987 on a highway in Natchitoches Parish defendant Olive was stopped by the State Police on suspicion of DWI. A pat-down search of Olive’s person revealed a single-edge razor blade and some contraband. A search of his car revealed two duffel bag style containers on the back seat. One bag was found to contain 34 grams of cocaine. In the other bag there was a brick of marijuana, along with a Crown Royal bag containing thirty-two $100 bills. Olive filed a motion to suppress this evidence, claiming that it was seized as a result of a warrantless search in violation of Art. 1, Sec. 5 of the La. Const.1974.
In denying the motion to suppress, the trial court held that the state had met its burden of proof that the stop was legal, the pat-down search was justified, and the state police had probable cause to search the vehicle.
The stop occurred after two state police officers in separate cars noticed Olive’s erratic driving. Trooper Dowden testified that the defendant was swerving into oncoming traffic and weaving in the lane where he was driving his car, and it looked like he was driving while intoxicated. A law enforcement officer may stop a person in a public place whom he reasonably suspects is involved in criminal activity, including a traffic violation. La.C.Cr.P. art. 215.-1(A). State v. Thibodeaux, 531 So.2d 284 (La.App. 3rd Cir.1987); State v. Franklin, 511 So.2d 108 (La.App. 3rd Cir.1987), writ denied, 514 So.2d 132 (La.1987). Considering Olive’s observed dangerous driving, the stop was legal.
*608 The pat-down frisk was also justified. The officers testified that when they approached Olive they did not smell alcohol but they did smell a strong odor of marijuana. The troopers, Dowden and Barrett, also noticed that Olive was becoming increasingly nervous and that he was continuously fingering and grabbing at the left pocket of his jacket. These circumstances —the strong odor of marijuana emanating from the car, Olive’s unusual nervousness, and the repeated grabbing and pulling at one of his pockets—caused the officers to be worried that he might have a weapon on his person. The pat-down search revealed a straight single-edge razor blade and some contraband.
When a law enforcement officer has stopped a person for questioning and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If he reasonably suspects that the person possesses a dangerous weapon, he may search the person. La.C.Cr.P. art. 215.1(B), State v. Thibodeaux, supra.
The troopers then placed defendant under arrest and conducted a warrantless search of the car. The trial court found, and we agree, that the circumstances gave the officers probable cause to search the ear. The officers testified that they detected the odor of marijuana, not only on the defendant’s person, but also a strong odor of drying marijuana in the ear itself. This alone supports a finding of probable cause for a search. See State v. Garcia, 519 So.2d 788 (La.App. 1st Cir.1987), writ denied, 530 So.2d 85 (La.1988), and cases therein cited.
We find that the searches of both the defendant and the automobile were legal and that this assignment of error is without merit.
ARTICLE 768 NOTICE
The defendant contends that the trial court erred in failing to sustain his objection to the introduction into evidence of certain inculpatory statements without pri- or notice as required under La.C.Cr.P. art. 768. Although we have some doubt as to whether this assignment of error is properly before us, we will treat it as proper and we will address it.
LSA C.Cr.P. art. 716(C) allows for the pretrial discovery of any statement by the defendant made in response to interrogation by a police officer:
C. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the substance of any oral statement which the state intends to offer in evidence made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a law enforcement officer.
La.C.Cr.P. art. 768 provides:
Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state’s opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.
The purpose of this article is explained in State v. Parker, 436 So.2d 495, 499 (La.1983), as follows:
The purpose of our statutory scheme relative to opening statements, confessions, and notice to the defendant prior to the opening statement (La.C.Cr.P. art. 766-68) is to prevent surprise and to allow adequate time for preparation of the defense, as well as to avoid certain problems that had been attendant to mentioning of confessions or inculpatory statements in the state’s opening statement.
In the present case, defendant filed a motion for discovery and inspection and a motion for a bill of particulars. The record does not contain any responses to these motions, but the state, at trial, stated “... the motion for a bill of particulars and motion for discovery and inspection filed in this matter was answered by Mr. Stuart Wright, Assistant District Attorney, and does indicate in there that oral statements were made.” The trial court overruled the *609 defense counsel’s objection to the state’s use of the inculpatory statements allegedly made by the defendant. The trial court stated:
I’ve already ruled on the objection. There has been extensive pretrial discovery in this matter. We’ve been in court on a motion to suppress. We’ve been in court on a motion for preliminary examination. The District’s [sic] [Attorney’s] Office has produced the various documents that were requested in motion prior to the trial. And the objection is without validity and is overruled.
The record bears out what the judge said. As early as the preliminary examination, defense counsel was aware that the defendant made statements after he was arrested and advised of his rights. When the state questioned Trooper Dowden as to whether the defendant made any statements regarding his knowledge of the cocaine and marijuana in his possession and in the car”, Dowden replied:
Yes. He stated that, ah ... later at the Esso that he had picked up the marijuana in Texas ... marijuana and cocaine in Texas and that had paid approximately eighteen hundred ($1800.00) dollars for it, and the rest of the currency, ah ... thirty-two (32), one hundred ($100.00) dollar bills that were together.
Additionally, when Dowden was recrossed by Mr. Bonnette, defendant’s original counsel, he stated: “You indicated at the Sheriff’s Department that Mr. Olive gave you several inculpatory statements.” Mr. Dowden replied: “Yes, sir.”
Although the defendant changed attorneys after the preliminary examination, trial counsel demonstrated his familiarity with the transcript of the preliminary examination by references to it and its use when cross-examining Trooper Dowden at the trial.
The introduction of the defendant’s statements in violation of the discovery articles will mandate a reversal only if the defendant is prejudiced by the failure to disclose. State v. Hooks, 421 So.2d 880 (La.1982). The defendant has not been prejudiced by the state’s lack of formal notice. This assignment of error has no merit.
SENTENCES
The defendant contends that a total of fifteen years — ten years on the cocaine conviction and five years on the marijuana conviction with the sentences to run consecutively — was excessive and in violation of Art. I, Sec. 20, of the La. Const.1974.
“A sentence is constitutionally excessive if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering.” State v. Sepulvado, 367 So.2d 762 (La.1979). State v. Aucoin, 500 So.2d 921 (La.App. 3rd Cir.1987).
The sentencing judge noted that defendant was 34, had had only one legitimate job for a brief time in the last eleven years, and had a criminal history. He had been arrested four times for possession of marijuana, one arrest resulting in a conviction. He also had a DWI conviction. There was a charge pending in Texas against him for possession with intent to distribute a controlled substance.
The crime of possession of marijuana with intent to distribute is a violation of La.R.S. 40:966 and upon conviction carries a sentence of imprisonment at hard labor for not more than ten years, and a fine of not more than $15,000. The crime of possession of cocaine with intent to distribute is a violation of La.R.S. 40:967, and upon conviction it carries a sentence of imprisonment at hard labor for not less than five years nor more than 30 years, and a fine of not more than $15,000.
The sentences imposed by the trial court of five years on the marijuana count, and ten years on the cocaine count, to run consecutively, are not excessive. We are mindful of the fact that these two convictions resulted from a single course of conduct, and we have accordingly reviewed the excessiveness of these consecutive sentences in the light of the rule that requires particular justification for such consecutive sentences. State v. Ortego, 382 So.2d 921 (La.1980), cert. den., 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980). Considering this *610 defendant’s criminal history, together with the fact that the combined total only equals one-half of the maximum to which he was exposed, we regard the sentences as justified.
The conviction is affirmed and the sentences are affirmed.
AFFIRMED.