549 So.2d 884 (1989)
STATE of Louisiana, Appellee,
v.
Steven Farrell COHEN, Appellant.
No. 20,837-KA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1989.
Rehearing Denied October 26, 1989.
*885 Wellborn Jack, Jr., Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., T.J. Adkins, Dist. Atty., Stephen K. Hearn, Jr., Asst. Dist. Atty., for appellee.
Before FRED W. JONES, Jr., LINDSAY and HIGHTOWER, JJ.
FRED W. JONES, Jr., Judge.
The defendant Cohen was originally charged with possession of marijuana over 60 pounds. After denial of a motion to suppress, pursuant to State v. Crosby, 338 So.2d 584 (La.1976) he pleaded guilty to an amended charge of possession of marijuana with intent to distribute [R.S. 40:966 E(1)] and was sentenced to prison for seven years. The defendant appealed, contending the trial judge erred in denying the motion to suppress. For the following reasons, we affirm.
At 8:50 A.M. on October 7, 1987 Trooper Stephens of the Louisiana State Police was sitting in a police car of another trooper in the 1-20 median approximately one mile east of the Ouachita-Lincoln Parish line when he allegedly observed a car following too closely behind the vehicle in front of it. Stephens immediately transferred to his own police car and pursued the westbound car to a rest stop in Lincoln Parish. Upon stopping the car, Stephens asked the driver for his driver's license and learned that he was Steven Farrell Cohen of Florida.
According to Stephens, Cohen was disheveled in appearance and acted nervous during the issuance of warning citations. While Cohen went to the restroom at the rest stop, Stephens radioed for information *886 concerning Cohen and his vehicle, a routine traffic enforcement procedure. The response was that Cohen had a criminal record, including a narcotics conviction, together with resisting arrest and aggravated assault. When Cohen returned, the trooper inquired about his background and Cohen denied having a criminal record. Thereupon, in view of the circumstances, Stephens requested permission to search Cohen's vehicle. Initially, consent was given, but upon being asked to sign a consent form Cohen changed his mind and withdrew the consent.
Trooper Stephens then radioed at 9:12 A.M. for assistance in conducting a search of Cohen's car and for a drug sniffing dog. Trooper Coleman arrived at 9:40 A.M. and was advised by Stephens of his suspicions concerning Cohen. Coleman testified that he walked around Cohen's car and, near a window down about three inches, detected the odor of marijuana. However, the drug sniffing dog did not "alert". Stephens and Coleman proceeded to search the car and found about 180 pounds of marijuana compressed in suitcases in the truck. Cohen was then arrested and charged.
On appeal, defendant contends:
1) The stop was unreasonable
2) The detention was unreasonable
3) The search was not based upon probable cause.
The issues will be discussed in that order.
The Stop
La.R.S. 32:81 provides in pertinent part:
A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
Defendant argues that this language is unconstitutionally vague. In State v. McCoy, 395 So.2d 319 (La.1980), the Louisiana Supreme Court addressed a question of constitutionality of a statute where the defendant had asserted vagueness, stating:
"Words used in statutes need not have the same precision as mathematical symbols. Due process requires only that the language of a statute have generally accepted meaning so that a person of ordinary and reasonable intelligence is capable of discerning its proscriptions and is given fair notice of the conduct which is forbidden by its terms. State v. Gisclair, 363 So.2d 696 (La.1978); State v. Lindsey, 310 So.2d 89 (La.1975); State v. Defrances, 351 So.2d 133 (La.1977); State v. Dousay, 378 So.2d 414 (La. 1979)."
Here, the language of the statute, given a generally accepted meaning and read in pari materia, would indicate that a following car should leave enough room in case the car in front stopped suddenly.
The defendant refers this court to Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), for the standard to evaluate the statute in question. However, in Delaware, supra, the stop made by the officer was supported by neither a reasonable suspicion of criminal activity, nor of a violation of traffic regulations, but rather was merely to check for expired driver's licenses. It was this random stop of cars to check for expired drivers' licenses which was prohibited in Delaware, supra. The case at bar is distinguishable in that the officer had an objective criterion; i.e., the car driven by the defendant was following more closely than would allow the car to safely stop if the car in front were to suddenly stop, rather than just a random stop. Thus, this argument is without merit.
The defendant's next argument is that the stop for "following too closely" was a pretextual stop made in order to search for drugs. Defendant contends that the officer did not have reasonable suspicion to arrest the defendant and, thus, the search of his car was the fruit of an illegal arrest. In support of this contention, the defendant argues that the officer's actions after stopping the defendant were inconsistent with a concern for safety regulations. The defendant asserts that Trooper Stephens' actions closely parallel those of the officer in State v. Green, 482 So.2d 930 (La.App. 2d Cir.1986). There, Trooper *887 Campbell had arrested the defendant for driving while intoxicated. Trooper Campbell found out at the police station that the defendant had a prior drug record. The court stated:
"Campbell and a fellow officer decided to immediately visit the garage where the Green car was being held and, with the benefit of better lighting, conduct a thorough search of the interior of the vehicle."
This court determined that this search, based upon the defendant's prior record, was illegal, although the officers discovered a small vial of cocaine.
In this case there is no evidence that the stop for following too closely was a pretense to search for drugs. The authority for the stop was La.C.Cr.P. Article 213, under which an officer may make an arrest for a misdemeanor committed in his presence. That occurred here, but a ticket was initially to be given rather than an arrest made.
For these reasons, we find that the stop was lawful.
Detention of the Vehicle
We understand defendant's argument to be that the delay of approximately one hour and 15 minutes, between defendant's refusal of the consent to search and the actual search of his car, was an unreasonable period of time for the detention of the vehicle.
Although we are dealing here with an investigative detention rather than an investigative stop, some guidance is provided in determining "reasonableness" by the U.S. Supreme Court case of U.S. v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985), which stated:
"In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant. See Michigan v. Summers, supra, [452 U.S. 692], at 701, n. 14, 101 S.Ct. [2587] at 2594, n. 14 [69 L.Ed.2d 340 (1981)] (quoting 3 W. LaFave, Search and Seizure § 9.2, p. 40 (1978)); see also [United States v. Place, 462 U.S. at [696] at 709, 103 S.Ct. [2637] at 2645-2646 [77 L.Ed.2d 110 (1983)]; [Florida v.] Royer, 460 U.S. [491] at 500, 103 S.Ct. [1319] at 1325 [75 L.Ed.2d 229 (1983)]. A court making this assessment should take care to consider whether the police are acting in a swiftly developing situation, and in such cases the court should not indulge in unrealistic second-guessing. See generally post [105 S.Ct.], at 1589-1591 (BRENNAN, J., dissenting). A creative judge engaged in post hoc evaluation of police conduct can almost always imagine some alternative means by which the objectives of the police might have been accomplished. But "[t]he fact that the protection of the public might, in the abstract, have been accomplished by `less intrusive' means does not, itself, render the search unreasonable." Cady v. Dombrowski, 413 U.S. 433, 447, 93 S.Ct. 2523, 2531, 37 L.Ed.2d 706 (1973); see also United States v. Martinez-Fuerte, 428 U.S. 543, 557, n. 12, 96 S.Ct. 3074, 3082, n. 12, 49 L.Ed.2d 1116 (1976). The question is not simply whether some other alternative was available, but whether the police acted unreasonably in failing to recognize or to pursue it."
In this case, Trooper Stephens testified that defendant's extreme nervousness, unkempt appearance, radar detector and CB radio, luggage inside car, and denial of criminal record all made him suspicious that the car contained contraband. After defendant withdrew his consent to search, Stephens diligently pursued a means of investigation likely to quickly dispel or confirm his suspicions, radioing from a rural area for assistance. Considering the distances involved, we cannot say that detention of defendant's car for a little over one hour, pending the arrival of a drug sniffing dog, was unreasonable.
The Search
It is well settled that a search conducted without a warrant issued upon probable cause is per se unreasonable, subject *888 only to a few specifically established and well delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Guzman, 362 So.2d 744 (La.1978), cert. denied, 443 U.S. 912, 99 S.Ct. 3103, 61 L.Ed.2d 876 (1979). With regard to vehicles, these recognized exceptions to the warrant requirement include inventory searches and searches based on probable cause to believe the vehicle contains contraband or evidence of a crime where there are exigent circumstances requiring an immediate search.
Absent a warrant, the state has the burden of proving that the search is justified by one of these exceptions to the warrant requirement. La.C.Cr.P. Article 703(D); State v. Redfearn, 441 So.2d 200 (La.1983).
Absent an inventory situation, in order for a warrantless search of a vehicle to be constitutional, two conditions must exist:
1) There must be probable cause to believe that the vehicle contains contraband or evidence of a crime, and
2) There must be exigent circumstances requiring an immediate search.
This is known as the "automobile emergency" exception. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); State v. Chaney, 423 So.2d 1092 (La.1983); State v. Taylor, 468 So.2d 617 (La.App. 2d Cir.1985), writ. denied, 472 So.2d 918 (La.1985). The Louisiana Supreme Court in Guzman, supra, defined "exigent circumstances" as:
"[T]he impracticability of obtaining a warrant due to the possibility that the car could be moved either by its occupants, if not arrested, or by someone else. An immediate warrantless search is, therefore, constitutionally permissible when `the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained.' Chambers, supra. 362 So.2d at 748."
In State v. Olive, 544 So.2d 606 (La.App. 3d Cir.1989), the stop of a car occurred after two officers noticed erratic driving. A search of the vehicle revealed the presence of contraband. Affirming defendant's conviction, the court stated:
"A law enforcement officer may stop a person in a public place whom he reasonably suspects is involved in criminal activity, including a traffic violation. La.C. Cr.P. art. 215.1(A). State v. Thibodeaux, 531 So.2d 284 (La.App. 3d Cir.1987); State v. Franklin, 511 So.2d 108 (La. App. 3d Cir.1987), writ denied, 514 So.2d 132 (La.1987). Considering Olive's observed dangerous driving, the stop was legal.
The troopers then placed defendant under arrest and conducted a warrantless search of the car. The trial court found and we agree, that the circumstances gave the officers probable cause to search the car. The officers testified that they detected the odor of marijuana, not only on the defendant's person, but also a strong odor of drying marijuana in the car itself. This alone supports a finding of probable cause for a search. See State v. Garcia, 519 So.2d 788 (La. App. 1st Cir.1987), writ denied, 530 So.2d 85 (La.1988), and cases therein cited."
In this case, Trooper Coleman detected the odor of marijuana emanating from defendant's car. This alone was justification for conduct of the warrantless search under the exigent circumstances.
Conclusion
Finding that the stop of defendant's car was lawful, the investigatory detention of that vehicle was not for an unreasonable time, and the warrantless search of the vehicle was in accordance with law, the trial judge did not err in denying the motion to suppress.
For these reasons, the conviction is AFFIRMED.

ON APPLICATION FOR REHEARING
Before FRED W. JONES, LINDSAY, HIGHTOWER, HALL and MARVIN, JJ.
Rehearing denied.