THIBODEAUX, Judge.
The defendant, Steven L. Giovengo, pled guilty to possession of marijuana with intent to distribute and received a six year sentence at hard labor. His arrest resulted from a traffic citation for following another vehicle too closely in violation of La.R.S. 32:81(A). Giovengo filed a motion to quash the bill of |2information because of the unconstitutionally vague language of that statute. He reserved his right to appeal the adverse decision on his motion to quash.
He appeals. We affirm.

LAW AND DISCUSSION

The statute utilized to stop the defendant was La.R.S. 32:81(A). This statute provides in pertinent part:
A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
Contrary to the defendant’s argument, La. R.S. 32:81(A) has already been held to be constitutionally specific. In State v. Cohen, 549 So.2d 884 (La.App. 2 Cir.1989), writ denied, 559 So.2d 135 (La.1990), a state trooper pulled over the defendant for following too closely behind another car. In the course of events, a search was conducted on the defendant’s car; this search yielded 180 pounds of marijuana compressed in suitcases in the trunk. On appeal, one of the defendant’s arguments was that the language of the statute was unconstitutionally vague. Citing State v. McCoy, 395 So.2d 319 (La.1980), the court discussed the test on the constitutionality of a statute when the defendant is arguing a vagueness problem:
Words used in statutes need not have the same precision as mathematical symbols. Due process requires only that the language of a statute have generally accepted meaning so that a person of ordinary and reasonable intelligence is capable of discerning its proscriptions and is given fair notice of the conduct which is forbidden by its terms, (citations omitted.)
Cohen, 549 So.2d at 886.
Thus, in applying the aforementioned standard to La.R.S. 32:81(A), the court held that the statute was constitutionally specific:
Here, the language of the statute, given a generally accepted meaning and read in pañ materia, would indicate that La following car should leave enough room in case the car in front stopped suddenly.

Id.

In this case, the officer did not believe that the defendant had maintained enough room between his car and the car he was trying to pass; the officer believed that if the car in front of the defendant had stopped suddenly, there was a great possibility an accident would occur.
We adopt the sound legal reasoning utilized in Cohen. Therefore, the defendant’s contention is without merit; Cohen clearly states that La.R.S. 32:81 is not unconstitutionally vague and we agree.

ERRORS PATENT

Louisiana Code of Criminal Procedure Article 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. This case is remanded and the district court is ordered to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94); 640 So.2d 561, writ denied, 94-1455 (La.3/30/95); 651 So.2d 858.

*464
CONCLUSION

The defendant’s assignment of error is without merit. The trial court’s decision denying defendant’s motion to quash is affirmed. The defendant’s conviction and sentence are affirmed. However, this case is remanded and the district court is ordered to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.