397 So.2d 1305 (1981)
STATE of Louisiana
v.
Warren S. McGARY.
No. 80 KA 2205.
Supreme Court of Louisiana.
April 6, 1981.
Rehearing Denied May 18, 1981.
*1306 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Duncan Kemp, Dist. Atty., Sam Dileo and Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
William Brooks, Amite, for defendant-appellant.
PATRICK M. SCHOTT, Justice Ad Hoc.[*]
Defendant has appealed from the denial of his motion to suppress evidence on the ground that it was obtained in violation of his constitutional right against unreasonable search and seizure. The issue is whether an initial discovery of marijuana in defendant's automobile was properly within the "plain view" exception to the general rule excluding evidence obtained in a warrantless search.
Defendant was initially charged with intent to distribute marijuana, methaqualone and hashish in violation of LSA-R.S. 40:967. After his motion to suppress was denied he entered a plea of guilty to the offense of possession with intent to distribute marijuana and was sentenced to three years at hard labor. This plea was made with full reservation of his right to appeal from the denial of the motion to suppress.
On April 15, 1980, at about 9 o'clock PM Officer Pierson of the Ponchatoula Police Department received a complaint from the manager of a Day Care Center that two automobiles were parked in front of her establishment, other automobiles had been coming and going, she had been robbed on previous occasions, and she requested an investigation of this suspicious activity. When Pierson arrived at the scene, a Chevrolet and a Ford automobile was parked side by side on private property about 12 feet from the front door of the Day Care Center. He ordered the driver of the Chevrolet, Leroy McFadden, to get out and he proceeded to question him at the back of the car. When he asked McFadden who were the others in the two cars McFadden did not answer, so Pierson went to the front of the Chevrolet and shone his flashlight inside the car so as to see McFadden's companion. As he did this he noticed what appeared to be a large quantity of marijuana and qualude pills. Pierson ordered McFadden's passenger, the driver of the Ford, who is the defendant in this case, along with his passenger, out of the automobiles and to stand at the back of the cars where Pierson placed them under arrest and radioed for assistance.
*1307 When a second police car arrived, the suspects were handcuffed and placed in the two police cars. Shortly afterwards, narcotics agent Fischer of the state police arrived on the scene and it is his conduct on which much of defendant's argument is based. Fischer testified that Pierson had told him that marijuana and pills were in plain view in both automobiles when he shone his light to see the occupants. However, at trial Pierson testified that he saw marijuana and pills only in the Chevrolet but not in defendant's Ford. Based on this information, according to Fischer, he looked through the window of each car, saw what he thought was marijuana, reached through to get some of the substance, and he performed field tests on it which verified to his satisfaction that it was marijuana. Fischer also testified that both McFadden and McGary consented to his conducting a search of the automobiles, but he decided to obtain a search warrant anyway.
When the automobiles were searched pursuant to the search warrant large amounts of marijuana, hashish and qualudes were obtained.
These facts were essentially undisputed by defendant although he did testify that while the four suspects were under arrest before any other policemen arrived on the scene, Pierson conducted a search of both automobiles, and somehow moved a bag of marijuana from McFadden's car to defendant's, while at the same time watching the suspects and holding a flashlight and gun in his hands. There was no error in the trial court's rejection of this testimony.
The first inquiry concerns Officer Pierson's activities, since his initial discovery of the marijuana and pills in the Chevrolet triggered the sequence of events which led to the issuance of a warrant and the obtaining of evidence from both automobiles. First, the report he had from the manager of the Day Care Center was more than sufficient to justify his stopping McFadden and McGary for questioning. C.Cr.P. Art. 215.1 A. The same justification existed for him to shine the light inside the automobiles in order to learn the identity of McFadden's passenger as well as McGary and his passenger. The criteria for the application of the plain view doctrine were present. There was prior justification for Pierson's intrusion into the protected area inside McFadden's car. The evidence was discovered inadvertently. And it was immediately apparent to Pierson that this was marijuana and pills. State v. Pomes, 376 So.2d 133 (La.1979).
However, defendant argues that no basis existed for tying his automobile to McFadden's just because the large quantity of contraband had been seen in McFadden's car. We disagree. These automobiles were parked so close together that one could not squeeze between them. They had been in that position for at least the length of time for the manager of the Day Care Center to discover them and for Pierson to arrive on the scene. They were both parked on private property. The only reasonable conclusion anyone could draw was that there was some joint activity being pursued by the occupants of both automobiles. Any suggestion to the contrary is patently absurd. We conclude that the plain view doctrine exempted the marijuana and pills seen in McFadden's car from the usual protection against unreasonable search and seizure and that the connection between the two automobiles and their occupants was more than sufficient to justify the issuance of a search warrant as to both automobiles.
However, defendant argues that the intervening behavior of Fischer somehow broke this chain of legitimacy between Pierson's discovery and the issuance of the warrant. Under the circumstances it seems unnecessary to consider whether Fischer's conduct was proper or not. By the time he got there the four suspects had already been placed under arrest and the search and seizure in which the evidence was obtained was not made until a warrant was properly issued. Defendant's conviction in no way depended on Fischer's discovery of marijuana in his car and whether Fischer made a mistake or not in thinking that Pierson had also seen marijuana and pills in defendant's car, such a mistake would not render Pierson's legitimate discovery nugatory.
*1308 Accordingly, the judgment denying defendant's motion to suppress and the subsequent judgment convicting and sentencing him to three years at hard labor are affirmed.
AFFIRMED.
DIXON, C. J., and DENNIS, J., concur.
NOTES
[*] Judge James C. Gulotta, John C. Boutall and Patrick M. Schott of the Court of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice John A. Dixon, Jr. and Associate Justices Pascal F. Calogero, Jr., James L. Dennis and Jack Crozier Watson.