618 So.2d 568 (1993)
STATE of Louisiana, Appellee,
v.
Michael HILL, Appellant.
No. 24865-KA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1993.
*569 Charles A. Smith, Indigent Defender Board, Minden, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., Charles Minifield, Asst. Dist. Atty., Minden, for appellee.
Before NORRIS, LINDSAY and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant, Michael Hill, was charged by bill of information with possession of cocaine, a violation of LSA-R.S. 40:967(C)(2). He was arraigned on this charge and entered a plea of not guilty. He subsequently filed a motion to suppress the evidence seized at the time of his arrest. The trial court denied the motion to suppress. The defendant then withdrew his previously entered plea of not guilty and entered a plea of guilty as charged, reserving his right to appeal the denial of his motion to suppress. See State v. Crosby, 338 So.2d 584 (La. 1976). He was sentenced to imprisonment at hard labor for thirty months. This sentence was suspended and defendant was placed on supervised probation for a period of thirty months. Defendant now appeals his conviction and sentence. We affirm.

FACTS
On October 2, 1991, at approximately 1:46 a.m., Officer Willie Shed of the City of Minden Police Department stopped during his regular patrol to investigate a one-car accident on Theus Street in Minden, Louisiana. The defendant's car was in a ditch resting against a utility pole. The officer observed defendant and another individual standing outside of the vehicle attempting to get the vehicle out of the ditch. Officer Shed approached defendant, asked for his driver's license and inquired into the details of the accident. Officer Dennis Evans of the Minden Police Department arrived on the scene while the two men were discussing the cause of the accident with Officer Shed. Defendant walked back to the driver's side of his car to search for his driver's license. Officer Evans followed him and walked to the passenger side of the car. Officer Evans shined the light from his flashlight into the car to assist defendant in locating his driver's license. The officer observed a matchbox inside the car, between the seat and the gearshift console. The defendant grabbed the box and attempted to hide it. Officer Evans asked the defendant what was in the matchbox and he then asked the defendant to give it to him. The defendant gave the police officer the matchbox. Officer Evans testified that from his past experience as a police officer, he was aware of the fact that controlled dangerous substances were transported in matchboxes. Cocaine, in rock form, was discovered inside the matchbox.
On appeal, the defendant's sole assignment of error is that the trial court erred in denying his motion to suppress the evidence. He argues the seizure of the cocaine was in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I § 5 of the Louisiana Constitution.

DISCUSSION
Defendant contends the seizure of the cocaine was unconstitutional because he did not consent to a search of his car.
The Fourth and Fourteenth Amendments to the United States Constitution and Article I § 5 of the Louisiana State Constitution prohibit unreasonable searches and seizures. Generally, a search and seizure conducted without a warrant is per se unconstitutional. State v. Raheem, 464 So.2d 293 (La.1985); State v. Cohen, 549 So.2d 884, 887 (La.App.2d Cir.1989). A warrantless search is unreasonable unless it can be justified by one of the exceptions to the warrant requirement. State v. Daigre, 364 So.2d 902 (La.1978). The State bears the burden of proving that evidence seized pursuant to a warrantless search was taken under one of the exceptions to the warrant requirement. Daigre, supra; LSA-C.Cr.P. Art. 703 D. The plain view *570 doctrine is an exception to the warrant requirement. State v. Ray, 471 So.2d 831 (La.App.2d Cir.1985).
The plain view doctrine is applicable to the instant case because objects observed when a police officer shines a light into the interior of a car are considered in open view. State v. Schouest, 351 So.2d 462, 466 (La.1977).
The plain view doctrine renders a warrantless search and seizure of evidence reasonable (1) if the officer has a prior justification for an intrusion into a protected area, (2) in the course of which evidence is discovered inadvertently, and (3) where it is immediately apparent without close inspection that the items are evidence or contraband. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Neyrey, 383 So.2d 1222 (La.1979); State v. Ray, supra.
In the instant case, the first element of the plain view doctrine is satisfied because the officers had the right to be where they were. Officer Shed was justified in approaching defendant's car because defendant had been involved in an accident. He was required to investigate the accident in the fulfillment of his duty as a police officer to protect and aid the citizenry. See State v. Schouest, supra at 465-66; State v. Ray, supra at 833.
To satisfy the second element of the plain view doctrine the evidence must be discovered inadvertently, i.e., police may not know of its location in advance and intend to seize it. Coolidge v. New Hampshire, supra. There is no evidence in the record to indicate that the police officers expected to find contraband either on the defendant's person or in his vehicle. The matchbox was inadvertently discovered while providing light so that the defendant could find his driver's license. See State v. Ray, supra at 834. Thus, the second element is satisfied.
The final issue is whether the "immediately apparent" requirement of the third element is satisfied. In Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), the United States Supreme Court modified the "immediately apparent" requirement. The Court stated that the phrase "immediately apparent" was an "unhappy choice of words" because appellate courts were interpreting this language as requiring officers to be nearly certain of the seizable nature of the items.
This Court reviewed Brown, and its affect on Coolidge, and concluded that the third element only requires probable cause to believe that an item is evidence or contraband. State v. Camp, 459 So.2d 53, 57 (La.App.2d Cir.1984), writ denied 462 So.2d 212 (La.1985). Probable cause, in circumstances where property is in plain view, is defined as a "`practical and nontechnical' probability that incriminating evidence is involved, determined by the totality of the circumstances confronting the officer." State v. Evans, 441 So.2d 82, 83 (La.App.2d Cir.1983).
In the instant case, Officer Evans had probable cause to believe the matchbox contained a controlled dangerous substance. Officer Evans' prior experience with illegal drug arrests and investigations coupled with the defendant's suspicious behavior, reasonably led the officer to believe there was incriminating evidence in the matchbox. Officer Evans testified that he was already aware that matchboxes were used to carry illegal drugs and defendant's attempt to conceal the matchbox heightened his suspicion about its contents.
Considering the totality of the circumstances surrounding the seizure, we find the warrantless seizure was permissible in this instance. The trial court correctly denied defendant's motion to suppress.

ERROR PATENT
After reviewing the portions of the record designated for appeal, this court cannot determine whether the defendant was advised of the prescriptive period for applying for post-conviction relief. LSA-C.Cr.P. Art. 930.8(C) provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for applying for post-conviction relief. Although the failure to comply with Art. 930.8(C) is not grounds for reversal of *571 the sentence or remand, the notice required by that article must be satisfied. LSA-C.Cr.P. Art. 921. Therefore, the district court is directed to send written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. State v. Scott, 600 So.2d 756 (La.App.2d Cir.1992).

CONCLUSION
Defendant's conviction and sentence are affirmed.
AFFIRMED.