691 So.2d 379 (1997)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jackie NOLEN, Defendant-Appellant.
No. 29284-KA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 1997.
Indigent Defender Board by Rick Warren, for Defendant-Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, J. Schuyler Marvin, Assistant District Attorney, for Plaintiff-Appellee.
Before NORRIS, BROWN and STEWART, JJ.
NORRIS, Judge.
After the trial court denied his motion to suppress, the defendant, Jackie Nolen, entered a Crosby[1] plea of guilty as charged to possession of cocaine, a violation of La.R.S. 40:967 C(2). The trial court sentenced Nolen to 2½ years at hard labor, suspended the sentence, and placed him on three years active probation with special conditions. Nolen appeals, urging that the trial court erred *380 in denying his motion to suppress. For the following reasons, we affirm.

Factual background
Around noon on August 3, 1995, Officer Chuck Clark of the Minden Police Department was patrolling on West Street when he observed Nolen driving a Toyota Celica. Officer Clark had previously arrested Nolen and therefore knew his license was suspended. Officer Clark turned on his emergency lights and followed him. However, Nolen continued driving, turned off of West Street onto High Street, and drove approximately one-quarter of a mile before stopping the car in the street near his residence. Officer Clark approached Nolen and asked him for his driver's license. After Nolen admitted that his license was under suspension, Officer Clark arrested him and advised him of his Miranda rights. Officer Clark handcuffed Nolen and placed him in the back seat of his patrol car.
After securing Nolen, Officer Clark walked to the Celica and looked into the window. He saw an object he recognized to be a crack pipe in a tray on the center console between the driver and passenger seats. As the car was unlocked, Officer Clark opened the door to retrieve the crack pipe. He then discovered what he suspected to be a rock of cocaine in the tray with the crack pipe. Officer Clark called a tow truck for the car because he found no proof of insurance in it; he then transported Nolen to the police department.
Nolen moved to suppress this evidence on grounds of an illegal and unconstitutional search. The trial court denied the motion, concluding that the search was proper pursuant to the plain view exception for warrantless searches. Nolen appeals.

Applicable law
The Fourth and Fourteenth Amendments to the United States Constitution and Article I, § 5 of the Louisiana State Constitution prohibit unreasonable searches and seizures. In general, a search conducted without a warrant is per se unconstitutional. State v. Hill, 618 So.2d 568 (La.App. 2d Cir.1993); State v. Cohen, 549 So.2d 884 (La. App. 2d Cir.1989), writ denied, 559 So.2d 135 (1990). Where a warrantless search has occurred, the State has the burden of showing that one of the exceptions to the warrant requirement is applicable. State v. Roberds, 393 So.2d 715 (La.1981). The plain view doctrine is an exception to the warrant requirement. State v. Ray, 471 So.2d 831 (La. App. 2d Cir.), writ denied, 475 So.2d 364 (1985). The plain view doctrine renders a warrantless search reasonable (1) if the police officer is lawfully in the place from which he views the object; (2) where the object's incriminating character is immediately apparent; and (3) the officer has a lawful right of access to the object. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).[2]

Discussion
On appeal, Nolen contends that after Officer Clark arrested him and placed him in the patrol car, there was no reason for the police officer to return to the Celica and look in. Thus, Nolen alleges that Officer Clark had no prior justification to conduct a warrantless search of the vehicle, and the evidence obtained as a result of the search should be suppressed.
To satisfy the first element of the plain view doctrine, the police officer's prior justification for an intrusion into a protected area, the officer must have had the right to be where he was at the time the evidence was found. State v. Hill, supra. Officer Clark was justified in approaching Nolen's car because he had just stopped him pursuant to a possible traffic violation which led to an arrest. Police officers effectuating a stop are often near the suspect's vehicle. See State v. Taylor, 623 So.2d 952 (La.App. 4th Cir.1993). Moreover, Nolen had parked the car in the street, a public area where Officer *381 Clark had the right to be. See State v. Taylor, 95-0271 (La.App. 4th Cir. 9/28/95), 662 So.2d 69. Officer Clark merely looked into the car window and saw the crack pipe in plain view on the console.
Nolen relies upon State v. Hernandez, 410 So.2d 1381 (La.1982), in support of his claim that the evidence was the product of an unconstitutional and illegal search and seizure. However, we find Hernandez to be distinguishable. There, the defendant, at the conclusion of a chase with police officers, stopped his car in his own private driveway. By contrast, Nolen left the Celica on a public street, where anyone, including the police, might be passing and look in.
Nolen does not challenge the remaining two elements of the plain view doctrine, and our review of the record discloses no error. This assignment lacks merit.

Error patent review
The trial court minutes state the court advised that Nolen had "three years to file for post conviction relief." La.C.Cr.P. art. 930.8 provides that applications for post conviction relief shall not be considered if filed more than three years after the judgment of conviction and sentence is final pursuant to La.C.Cr.P. arts. 914 or 922. Because the instant record does not contain a transcript from the sentencing proceeding, we are unable to determine if the trial court completely and correctly advised Nolen as to the time limit for post conviction relief. Therefore, we direct the trial court to send appropriate written notice to Nolen within 10 days of the rendition of this opinion and to file proof of his receipt of such notice in the record of the proceedings.

Conclusion
For the foregoing reasons, we conclude that the trial court correctly denied Nolen's motion to suppress evidence. Accordingly, we affirm his conviction and sentence.
AFFIRMED.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976).
[2] We note an additional element, that the object was discovered inadvertently, was required by Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) and has been included in prior opinions of this court. See, e.g., State v. Hill, supra. However, the Supreme Court held in Horton that this requirement was no longer necessary. State v. Curtis, 96-1408 (La.App. 4th Cir. 10/2/96), 681 So.2d 1287.