895 So.2d 753 (2005)
STATE of Louisiana, Appellee,
v.
Benny Joe YOUNG, Appellant.
No. 39,546-KA.
Court of Appeal of Louisiana, Second Circuit.
March 2, 2005.
*755 William G. Nader, for Appellant.
Paul J. Carmouche, District Attorney, Lea R. Hall, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before STEWART, GASKINS & PEATROSS, JJ.
PEATROSS, J.
Defendant, Benny Joe Young, was convicted of a violation of La. R.S. 40:966  Second Offense Possession of Marijuana, and adjudicated a third-felony offender based on prior convictions for Aggravated Battery and Possession of a Schedule II CDS. He was sentenced to seven years at hard labor, fined $1,000 and ordered to reimburse the Indigent Defender Office a sum for their previous representation of him. Defendant now appeals, urging Four Assignments of Error. Finding no merit to the assignments raised, we affirm the conviction and sentence.

FACTS
Defendant's car was stopped by Shreveport police officers after several traffic violations and a K-9 unit was summoned. While doing an initial safety inspection of the car using a 20,000 candlepower light, the dog handler observed marijuana seeds in the vehicle. Berry, a trained and certified drug-detection dog, "hit" on the vehicle in several places, indicating the presence of controlled substances inside. Defendant then opened the door, hit the door lock and slammed the door of the car. The officers quickly subdued him, removed his keys and entered the car. A partially smoked cigarette and loose vegetable matter were found, both of which field tested positive for marijuana. Lab tests verified the presence of marijuana in the car.
Defendant, who had a previous conviction for possession of marijuana in September 1998, was charged by bill of information with Second Offense Possession of Marijuana. Defendant was charged by bill of information with being a third-felony offender resulting from a March 13, 1990 conviction for Aggravated Battery and a March 8, 1996 conviction for Possession of a Schedule II CDS (Cocaine).

*756 DISCUSSION

On appeal, Defendant raises the following assignments of error (verbatim):
1. The trial court erred in failing to sustain defendant's Motion to Suppress Evidence in this matter.
2. The evidence admitted at trial does not support the conviction herein.
3. The verdict is erroneous in that the jury failed to find defendant not guilty.
4. The trial court erred in denying defendant's Motion to Quash Bill of Information and to Set Aside Conviction of Possession of Marijuana, Second Offense, together with his Motion for New Trial, Motion in Arrest of Judgment and Motion for Contradictory Hearing Challenging Alleged Prior Convictions as Invalid for Enhancement and Habitual Offender Proceeding.

Assignments of Error Number 2 and 3: Insufficiency of evidence to convict
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La. App. 2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The evidence before the jury can be summed up as follows. Defendant was at the wheel of a car registered to him. While an officer wrote a ticket for traffic violations, a K-9 officer was summoned to the scene and inspected the interior of the car visually with a 20,000 candlepower light to ensure the safety of his dog prior to the use of the dog. He noted marijuana seeds in the car during that inspection. Subsequent use of a drug dog indicated the presence of drugs in the car. When the dog "hit" on the car and the K-9 officer indicated he was going to search the interior of the car, Defendant quickly opened one of the car doors, locked the vehicle and shut the door. A subsequent search of the car revealed a partially smoked marijuana cigarette on the center console of the car and a small amount of loose marijuana on the driver's side of the car, on the seat and floorboard. Lab results verified that the loose substance was marijuana.
The State presented the testimony of Randy Terrell, employed as a criminal minute clerk by the Caddo Parish Clerk of Court. He identified a certified copy of the minutes in State of Louisiana v. Benny J. Young, No. 193,562 on the docket of that court, which showed a plea of guilty to Possession of Marijuana on September 28, 1998. He testified that there were fingerprint impressions on the back of the bill of information.
Officer Danny Duddy, qualified and accepted by the court as an expert in fingerprint identification, testified that the prints on the back of the bill of information were identical to an inked impression of prints taken from Defendant in the courtroom, i.e., that Defendant was the same person who had previously pled guilty to possession of marijuana on September 28, 1998.
The State rested and the defense presented no evidence. The facts of the constructive *757 possession in this case are similar to those in State v. White, 37,261 (La.App.2d Cir.6/25/03), 850 So.2d 987. The facts here are more strongly indicative of possession  the vehicle was registered to Defendant, the drugs were in the center console of the car in close proximity to him and his actions in locking the car show knowledge of the presence of the drugs in the car.
These facts, apparently accepted by the jury, are sufficient to show that Defendant constructively possessed marijuana after he had previously been convicted of possession of marijuana and is thus guilty of the charged offense, Possession of Marijuana, Second Offense.

Assignment of Error Number1  Suppression of Evidence from the Search
The entire record, including the testimony at trial, is reviewable for determining the correctness of a ruling on a pre-trial motion to suppress. This court is not confined to reviewing the transcript of the hearing on the motion to suppress. In State v. Sherman, 04-1019 (La.10/29/04), 886 So.2d 1116, the supreme court held that:
As a general rule, an appellate court may review the testimony at trial in determining the correctness of the trial court's pre-trial ruling on a motion to suppress. State v. Green, 94-0887, p. 11 (La.5/22/95), 655 So.2d 272, 280; State v. Brooks, 92-3331, p. 10, (La.1/17/95), 648 So.2d 366, 372; State v. Martin, 595 So.2d 592, 596 (La.1992).
The plain view doctrine is an exception to the warrant requirement. State v. Ray, 471 So.2d 831 (La.App. 2d Cir.1985), writ denied, 475 So.2d 364 (La.1985). The plain view doctrine renders a warrantless search reasonable: (1) if the police officer is lawfully in the place from which he views the object; (2) where the object's incriminating character is immediately apparent; and (3) the officer has a lawful right of access to the object. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); State v. Nolen, 29,284 (La.App.2d Cir.4/4/97), 691 So.2d 379; State v. Cohen, 549 So.2d 884 (La.App. 2d Cir.1989), writ denied, 559 So.2d 135 (La.1990).
An officer who peers into the interior of a vehicle during a legitimate traffic stop is not conducting a search within the meaning of the Fourth Amendment. State v. Schouest, 351 So.2d 462 (La.1977); State v. Daniels, 614 So.2d 97 (La.App. 2d Cir.1993), writ denied, 619 So.2d 573 (La.1993). The officer's use of a flashlight is permissible when there is a need to do so, such as officer safety. State v. Ford, 407 So.2d 688 (La.1981); State v. McGary, 397 So.2d 1305 (La.1981); State v. Bracken, 506 So.2d 807 (La.App. 1st Cir.1987), writ denied, 511 So.2d 1152 (La.1987).
The plain view doctrine renders a warrantless search and seizure of evidence reasonable (1) if the officer has a prior justification for an intrusion into a protected area, and (2) where it is immediately apparent without close inspection that the items are evidence or contraband. Probable cause, in circumstances where property is in plain view, is defined as a practical and nontechnical probability that incriminating evidence is involved, determined by the totality of the circumstances confronting the officer. State v. Evans, 441 So.2d 82 (La.App. 2d Cir.1983).
In the case sub judice, the officers were where they had a right to be and observed marijuana seeds in the interior of the car, observed a trained drug dog indicate the presence of controlled substances in the car and observed Defendant lock the doors of the car to attempt to prevent the officer's search of the interior of the vehicle. *758 We conclude that the officers had probable cause to enter and search the car for contraband. We further find, therefore, that the trial court properly refused to suppress the evidence obtained from the search.[1]

Assignment of Error Number4  Denial of post-trial motions
After trial, Defendant sought to attack the prior conviction for possession of marijuana because of an alleged defect in the prior conviction for possession of marijuana. First, we note that this matter would have been more properly raised in a pre-trial motion to quash. See La. C. Cr. P. arts. 531, 535 and 521. Arguably, the claim might have been deemed waived by the failure to timely raise the claim pre-trial. As noted by the Louisiana Fifth Circuit in State v. Hebert, 02-884 (La.App. 5th Cir.12/30/02), 838 So.2d 30, however, the same defect could have been raised in an application for post-conviction relief. The trial court allowed the attack, the claim raised lacks merit for a number of reasons and we find no reason not to address the claim on appeal.
Defendant argues (1) that the trial court failed to advise him of the maximum and minimum sentences that could be imposed and (2) that the trial court failed to advise him of the potential for enhancement of the offense of possession of marijuana from a misdemeanor to a felony on a second conviction.
First, an examination of the transcript of the September 28, 1998 guilty plea shows that the trial court advised Defendant that, if the plea was accepted, the court would sentence him to a fine of five hundred dollars plus court costs or fifty days in the parish jail and six months in the parish jail, with credit for time served, suspended, with one year unsupervised probation. This advisement by the trial court of an agreed sentence constitutes compliance with the dictates of La. C. Cr. P. art. 556.1. We, therefore, find no error in the trial court's sentencing of Defendant without specifically describing the minimum and maximum sentences.
Second, regarding Defendant's argument concerning failure to advise of possible sentence enhancement, we note that the first conviction for possession of marijuana occurred in September 1998. The necessity to advise of a maximum and minimum sentence and of the potential for future enhancement was not mandated by statute until the institution of La. C. Cr. P. art. 556.1, added by Acts 1997, No. 1061 § 1. The effective date of that act was August 15, 1997. This argument, therefore, is without merit.

Assignment of Error Number5  Excessive Sentence
The trial court gave its reasons for sentencing Defendant to a mid-range sentence of seven years at hard labor and a fine of $1,000, plus reimbursement of $1,500 to be paid to the Indigent Defender Office. The trial court chose this sentence from a range of three and one-third years to ten years, which was required by Defendant's adjudication as a third-felony offender. The trial court alluded to Defendant's social history, his work history and his having previously successfully completed probation. The applicant is ineligible *759 for probation because of the third-felony offender adjudication. La. R.S. 15:529.1(G).
The trial court adverted to Defendant's criminal history, which included convictions for simple burglary (1975), aggravated battery (the first predicate felony), simple battery, DWI, possession of cocaine (the second predicate felony), possession of marijuana (the first offense in the instant charge) and various traffic offenses.
In State v. Mayweather, 556 So.2d 200 (La.App. 2d Cir.1990), this court upheld a five-year sentence for a plea to second offense possession of marijuana, imposed on a defendant who was not charged as a habitual offender, and whose criminal history was less negative than Defendant's criminal history.
This court has upheld an eight-year sentence for a second-felony habitual offender convicted of possession of cocaine. State v. Brown, 37,736 (La.App.2d Cir.3/12/04), 868 So.2d 289. We find that the sentence imposed here is not excessive and, therefore, is affirmed.

CONCLUSION
For the foregoing reasons, the conviction and sentence of Defendant, Benny Joe Young, are affirmed.
AFFIRMED.
NOTES
[1] In State v. Barnes, 37,155 (La.App.2d Cir.5/14/03), 847 So.2d 75, writ denied, 03-1701 (La.12/19/03) 861 So.2d 557, this court cited the holding in Maryland v. Dyson, 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999), that the automobile exception does not have a separate exigency requirement. The Fourth Amendment permits police to search the vehicle when a car is readily mobile and probable cause exists to believe it contained contraband.