926 So.2d 781 (2006)
STATE of Louisiana, Appellee,
v.
Ronnie JOHNSON, Appellant.
No. 40,847-KA.
Court of Appeal of Louisiana, Second Circuit.
April 12, 2006.
*782 James E. Beal, Louisiana Appellate Project, for Appellant.
Walter Edward May, Jr., District Attorney, Douglas Leon Stokes, Jr., Robert Andrew Moore, Assistant District Attorneys, for Appellee.
Before BROWN, WILLIAMS, and PEATROSS, JJ.
BROWN, C.J.
Defendant, Ronnie Johnson, was convicted of possession of marijuana, second offense, a violation of La. R.S. 40:966(E)(3), and was sentenced to three years at hard labor. Defendant's sentence was suspended and he was placed on three years supervised probation.[1] Defendant now appeals the trial court's denial of his motion to suppress. Finding no error, we affirm.

Facts
On November 24, 2004, three officers from the Jonesboro Police Department were dispatched in response to a 9-1-1 call reporting that a woman was being beaten by a man at the Jackson Square Apartments. The address given was the apartment of defendant, Ronnie Johnson. The officers knocked on defendant's door but no one responded at that time. Officer Kris Walker testified that he walked around to the rear of the apartment to try to look through the windows. Officer Walker stated that he saw two black male subjects moving about in a "hurried fashion around the apartment." By the time Officer Walker returned to the front of the apartment, defendant had answered the door.
There is conflicting testimony as to what happened next. Officer Walker testified that as he stood at the door he asked defendant whether there was a fight in the apartment, to which defendant responded "no." Because the 9-1-1 call had reported violence against a woman, he asked defendant for permission to enter the apartment to ascertain whether there was a female inside the residence. Officer Walker further testified, and this testimony was confirmed by Officer Henry Starks, that permission was given by defendant for the officers to enter and look for a female. Defendant, however, testified that the officers did not ask for permission to enter his apartment and instead barged in, repeatedly asking him, "where the girl at?"
Once inside, the officers walked through defendant's apartment and at one point, Officer Walker checked out the bathroom. Specifically, Officer Walker testified that he went into the bathroom to see whether there was anybody in the bathtub. When he pulled back the shower curtain, however, he found the tub to be empty. As Officer Walker turned around to exit the *783 bathroom, he observed what appeared to be marijuana floating in the open commode.
Defendant was arrested for possession of marijuana and charged by bill of information with second offense possession of marijuana. Defendant filed a motion to suppress the evidence obtained from his apartment.[2] After a hearing, this motion was denied by the trial court. On September 9, 2005, defendant pled guilty, reserving his right to appeal the court's ruling on his motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The only issue on appeal is the trial court's denial of his motion to suppress.

Discussion
The right of every person to be secure in his person, house, papers and effects, against unreasonable searches and seizures, is guaranteed by the Fourth Amendment to the U.S. Constitution and Article I, § 5 of the 1974 Louisiana Constitution. A search and seizure conducted without a warrant issued on probable cause is per se unreasonable unless the warrantless search and seizure can be justified by one of the narrowly drawn exceptions to the warrant requirement. State v. Thompson, 02-0333 (La.04/09/03), 842 So.2d 330; State v. Tatum, 466 So.2d 29 (La.1985); State v. Ledford, 40,318 (La. App.2d Cir.10/28/05), 914 So.2d 1168.
One of the exceptions to the warrant requirement is a search conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Strange, 04-0273 (La.05/14/04), 876 So.2d 39; State v. Wilson, 467 So.2d 503 (La.1985), cert. denied, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985); State v. Hudnall, 39,723 (La.App.2d Cir.05/11/05), 903 So.2d 605. Oral consent is valid. State v. Hudnall, supra; State v. Crews, 28,153 (La. App.2d Cir.05/08/96), 674 So.2d 1082.
The burden is on the state to prove that the consent was freely and voluntarily given. Id. Voluntariness is a question of fact to be determined by the trial court under the facts and circumstances of each case. This determination is to be given great weight on appeal because of the trial court's opportunity to observe witnesses and assess credibility. State v. Hudnall, supra; State v. Jennings, 39,543 (La.App.2d Cir.03/02/05), 895 So.2d 767, writ denied, 05-1239 (La.12/16/05), 917 So.2d 1107; State v. Paggett, 28,843 (La.App.2d Cir.12/11/96), 684 So.2d 1072.
The plain view doctrine is also an exception to the warrant requirement. State v. Young, 39,546 (La.App.2d Cir.03/02/05), 895 So.2d 753; State v. Ray, 471 So.2d 831 (La.App. 2d Cir.1985), writ denied, 475 So.2d 364 (La.1985). The plain view doctrine renders a warrantless search and seizure of evidence reasonable: (1) if the police officer is lawfully in the place from which he views the object; (2) where the object's incriminating character is immediately apparent; and (3) the officer has a lawful right of access to the object. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); State v. Young, supra; State v. Nolen, 29,284 (La.App.2d Cir.04/04/97), 691 So.2d 379.
Defendant contends that his apartment was searched in violation of his constitutional rights and therefore any evidence recovered as a result is inadmissible. According to defendant, he did not give the officers permission to search his residence. Pointing out that the Jonesboro Police Department *784 had recently received several "phantom" or "crank" 9-1-1 calls, it is defendant's theory that the officers used the 9-1-1 call as a ruse to search his home without the necessity of obtaining a warrant or establishing probable cause. According to defendant, there was no probable cause because there was no indication of either a female having been in the apartment or a fight having taken place. Thus, there were no exigent circumstances to justify the officers' warrantless entry into his home.[3]
On the other hand, the state argues that the search of defendant's apartment was made only after defendant gave the officers permission to come into his residence to search for a female allegedly involved in a fight and that the discovered evidence was in plain view in a place in which the officers were lawfully present. Therefore, the search falls within an exception to the warrant requirement and the motion to suppress was properly denied.
Keeping in mind that in reviewing a ruling on a motion to suppress, we place great weight on the trial court's factual determinations because of that court's opportunity to observe witnesses and assess credibility, State v. Traylor, 31,378 (La. App.2d Cir.12/09/98), 723 So.2d 497, we find that the evidence supports the trial court's ruling in the instant case. Both Officers Walker and Starks testified that defendant gave them permission to enter his apartment to search for the female referred to in the 9-1-1 call. Officer Walker, while making a consensual search of the bathroom, saw what appeared to be marijuana floating in the open commode. The substance, location of the substance, and the officer's experience provides enough information from which the officer could have concluded without close inspection that the substance was evidence or contraband. This assignment of error is meritless.

Conclusion
For the reasons set forth above, we find that defendant's motion to suppress was properly denied by the trial court. Defendant's conviction and sentence are AFFIRMED.
NOTES
[1] In addition to the standard conditions of probation, he was to pay all costs within 30 days, a fine of $2,000 over the first 18 months of his probation, and $55 per month as a probation supervision fee.
[2] At a pre-trial hearing, the state stipulated that any statements made by defendant in response to questions asked by Officer Walker the night of the incident were inadmissible.
[3] Because this search was found to be based upon defendant's consent and plain view exceptions, a discussion of the most recent U.S. Supreme Court case and its implications concerning domestic violence is unnecessary. See Georgia v. Randolph, ___ U.S. ___, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006).