11 The ápplieant, Rita Fenn, seeks supervisory review of the trial court’s denial of her Motion to Suppress certain drugs seized at her home pursuant to a search of the premises which she alleges violated her constitutional right to be protected from unreasonable searches and seizures.
 

 The Fourth Amendment permits a properly limited protective sweep of premises when the searching officer possesses a reasonable belief, based on specific and particularized facts, that the area to be swept harbors an individual posing a danger to those on the arrest scene.
 
 See Maryland v. Buie,
 
 494 U.S. 325, 110 S.Ct. 1093, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990).
 
 Buie, supra,
 
 has been interpreted as not requiring an arrest in some protective sweep situations.
 
 [1]
 

 | ⅞An in-home protective sweep may occur after the suspect is arrested.
 
 [2]
 
 Two Bienville Parish officers were investigating possible methamphetamine activity involving the applicant, whose vehicle was parked outside her residence, a mobile home in Saline, Louisiana. A man answered her door. When the door was opened, the officers smelled the strong odor of solvents, necessary components in the production of methamphetamine. The deputies also heard noises indicating the possible presence of an unknown individual in the dwelling. The man at the door denied that applicant Fenn was home. The officers left.
 

 Within a few moments, the officers were informed of an outstanding Texas arrest warrant
 
 [3]
 
 for the man who had been at the door. An arrest was quickly made, either at the door or on the porch, and the officers, for their protection, made a quick protective sweep of the home, to make certain that no one was present who could harm them. This sweep was predicated upon the foregoing specific and articulable facts, in concert with our culture’s universally acknowledged nexus between guns and drugs.
 
 [4]
 
 The actions of the officers to protect themselves were objectively reasonable and appropriate.
 

 The initial search was a lawful protective sweep of the residence. During that sweep,
 
 *546
 
 narcotics were observed in plain view in an area where the officers were lawfully present. The two deputies could have lawfully seized the drugs at that point under the plain view doctrine.
 
 State v. Young,
 
 39,-546 (La.App.2d Cir.3/2/05), 895 So.2d 753. Instead, they took a more conservative approach by securing the residence and obtaining a search warrant.
 
 See Illinois v. McArthur,
 
 531 U.S. 326, 121 S.Ct. 946, 148 L.Ed.2d 838 (2001).
 

 The narcotics were ultimately seized pursuant to a valid warrant. The learned trial court properly denied the motion to suppress. Accordingly, the ruling of the district court is affirmed.
 

 [1]
 

 . ”[A]rrest is not always, or
 
 per se,
 
 an indispensable element of an in-home protective sweep, and ... although arrest may be highly relevant, particularly as tending to show the requisite potential of danger to the officers, that danger may also be established by other circumstances.”
 
 U.S. v. Gould,
 
 364 F.3d 578, 584 (5th Cir.2004),
 
 U.S. cert, denied.
 

 [2]
 

 .
 
 See U.S. v. Virgil,
 
 444 F.3d 447 (5th Cir. 2006),
 
 U.S. cert, denied.
 

 [3]
 

 .Also involving drugs.
 

 [4]
 

 . "It is long established that drugs, guns and violence often go together, and thus this may be a factor tending to support an officer's claim of reasonableness.”
 
 State v. Thomas,
 
 08-521, p. 9 (La.App. 5th Cir. 1/27/09), 8 So.3d 646, 653,
 
 writ denied,
 
 2009-0391 (La.12/18/09), 23 So.3d 928.
 
 See also State v. Porche,
 
 2006-0312 (La. 11/29/06), 943 So.2d 335.